Curia, -per Wardlaw, J.
In this case there was evidence aliunde that a partnership had existed between the two defendants, and had been dissolved ; but of the plaintiff’s demand against the partners, there was no evidence whatsoever, besides the acknowledgment of Finney, made after the dissolution, but before the demand could have been barred by the statute of limitations, if its date be fixed according to the acknowledgment. The question submitted is, whether such an acknowledgment is admissible to establish the demand against both defendants; in effect, whether standing alone it can be allowed to suffice for this purpose.
As to the authority of one partner, after the dissolution, by *221 his acknowledgment, to take a demand against the firm out of the statute of limitations, there have been confliciing decisions, which all'have reference to the case of Whitcomb v. Whiting, where Lord Mansfield held that as one joint debtor was the agent of the others, to pay, so he was their agent to make acknowledgments. Of that case Lord Teuterden, in Atkins v. Tredgold, said, “It is not necessary to say whether that case, which is contrary to a former decision, would be sustained if reconsidered: but by what fell fiom Lord Ellenborough, in Brandram v. Wharton, I am warranted in saying, that it ought not to be extended.” It has been proved in Bell v. Morrison and in Story on Partnership.— Payment which, whether made by authority or not, extinguishes a debt pro tanto, has been reasonably thought to differ from an acknowledgment which establishes a liability to pay, so widely, that by no just analogy can implication of the auttiority to acknowledge, be held to arise because the payment must be efficacious. The whole controversy has been made to turn upon the point, whether the acknowledgment is a mere continuation of a former promise, or is a new promise supported by the original consideration. In this State, since the case of Young v. Monpoey, which, as to acknowledgments to take a case out of the statute of limitations, distinguishes between demands already barred and those not barred at the time of the acknowledgment, the question seetns to have been at rest. Whilst in conformity with the case of Beitz, administrator, v. Fuller, we hold that the acknowledgment of one joint debtor will serve as a continuation of the contract, to arrest the running of the statute as to the other debtors, when the debt has not been barred; we hold, as in Steele v. Jennings & Beatty, the express promise of one partner, made after the dissolution, will not, as to the other partners, revive a debt already barred.
But the case before us is supposed to depend upon another class of cases, of which the leading one in England is Wood v. Braddick; and those in this country, most worthy of attention, are Hackley v. Patrick, Cady v. Shepherd; and our own cases of Veale v. Hassan & Archer, Kendrick v. Campbell & Clarke, aud Geddes v. Simpson & Morrison, The doctrine is, that as the rights and obligations of partners survive the dissolution, so must the power of each partner as to such rights and obligations: that the partnership is dissolved as to things future, but as to things past it continues and always must continue. These general propositions accompany and contain the admission that as to any transaction subsequent to the dissolution, there is no partnership, and of course no power of one partner to bind the other. They deduce the power of a partner after dissolution, from the necessity which grows out of the past matters, whose consequences survive *222 the dissolution, and they confine it to such matters. It follows that a matter upon which the implied authority of a partner, after dissolution, can avail, must be shown to be a matter to which the rights or obligations of the partners, dur-iug the continuance of the partnership, attached : and if, without any evidence aliunde of a pre-existing contract, the acknowledgment of a partner, made after the dissolution, should avail to establish such a contract, this would be in effect the creation, by a partner, after dissolution, of a new contract binding upon the former partners. No distinction between evidence of a promise, or between present evidence of a past transaction and a present transaction, can be drawn, upon which a diffeience between these things, essentially the same, could be satisfactorily rested. A new promise and a new acknowledgment, taken as the only evidence of a former promise, are only different forms of attaining the same result. We accordingly find that in our case of Veale v. Hassan & Archer, the plaintiff had, by other evidence, full and satisfactory, established his demand before the subsequent acknowledgment of a partner, made after dissolution, had opperatibn. In Kendrick v. Campbell & Clarke, (which case seems indeed to rest safely upon the efficacy of a promise to accept, without regard to the subsequent acceptance,) the subsequent acknowledgment was expressly authorized, and came .in only to continue the contract previously established. The same observations may be extended to the case of Cady v. Shepherd, which insists upon the circumstance of previous proof of the demand aliunde, and with such proof holds the acknowledgment made after dissolution to be admissible, although, even with such proof, it had been rejected in Hackley v. Patrick. In Wood v. Braddick the necessity of evidence aliunde is less clearly perceived; but even there, not only had the previous partnership been shown, but also the consignment of the linen for which the action was brought, and the dispute was only whether the consignment had been made to both partners, or only to Cox, whose acknowledgment was taken to establish the balance due. In Ceddes v. Simpson & Morrison (decided long before the establishment of the distinctions which were made in Young v. Monpoey following Bell and Morrison,) the report gives no attention to the point now under consideration, and does not enable us to see clearly what was proved: but from the observation that the acknowledgement was by the partner “ who knows and probably has been most conversant of the partnership concerns,” it may be inferred that that partner had some express authority to adjust the business of the firm beyond that which would be implied from the mere continuance of the partnership obligation.
When we consider how often former partners become hos *223 tile to each other after dissolution, how the insolvency of one may make him indifferent to the existence or extent of a joint debt, and how collusion between a plaintiff and one nominal’' defendant, might establish unjust charges to be borne by another defendant, wo are not disposed to go beyond the limits to which our cases necessarily carry us. Although we must admit that the acknowledgment of a partner, after dissolution, may continue a promise of the former partnership not barred, we cannot admit that either as evidence, or as a now contract, it can of itself suffice to establish such a promise.
The motion is granted.
Richardson and ONeall, JJ. concurred.